IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| ARMANDO ADAME | § |
| VS. | §   CIVIL ACTION NO. 1:05cv517 |
| STATE OF TEXAS, ET AL. | § |

## **MEMORANDUM ORDER REGARDING TRANSFER**

Plaintiff Armando Adame, an inmate confined in the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the State of Texas, the Texas Department of Criminal Justice, Douglas Dretke, Senior Warden John Rupert, J. Wilson, J. Calfey, Major Caeto, Lieutenant F. Goodin, Sergeant T.M. Flowers, Sergeant W.D. Forte, Sergeant F. Warner, C.O. J. Rodriguez, C.O. Tonisha Peterson, C.O. S.J. Suh, C.O. Griffin, C.O. Peek, and C.O. S. Pace.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrates.

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28

U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The Telford Unit is located in Bowie County, Texas. As the events of which plaintiff complains took place at the Telford Unit, his claims arose in Bowie County. In addition, the defendants appear to reside in Bowie County. Pursuant to 28 U.S.C. § 124(c)(1), Bowie County is located in the Eastern District of Texas. As a result, venue is proper in this court.

However, while Bowie County is in the Eastern District of Texas, it is in the Texarkana Division of such district, rather than the Beaumont Division. When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Texarkana Division of this court. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this   27   day of        October        , 2005.

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE